MARK A. BECKMAN
MBECKMAN@GORDONREES.COM

**GORDON & REES** LLP

ATTORNEYS AT LAW
90 BROAD STREET
23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

June 2, 2014

<u>**VIA EMAIL AND ECF**</u>

Honorable Richard J. Sullivan, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York  10007

      Re:    *Gonyer v. Vane Line Bunkering, Inc., d/b/a Vane Brothers Company*
               Civil Action No. 13 Civ. 8488 (RJS)

Dear Judge Sullivan:

     We represent defendant Vane Line Bunkering Inc. ("Vane Line" or "Defendant") in the above-referenced matter, and pursuant to Your Honor's May 29, 2014 Order, we write in response to plaintiff Christopher Gonyer's ("Gonyer" or "Plaintiff") letter motion for a conference on a proposed motion for leave to amend the complaint. As set forth below, Plaintiff's letter was moot by its own terms, as judgment has been taken and the matter is now over.

     Plaintiff's letter requests to amend the complaint, but oddly provides only generic citations for a basic, vanilla situation. "There is nothing unusual about this", states Plaintiff, but, just one paragraph prior, Plaintiff informed the Court that Gonyer accepted Defendant's Rule 68 offer of judgment. Indeed, Plaintiff served and filed the notice of acceptance of the offer of judgment, on May 29, 2014. Plaintiff's failure to account for the served acceptance of the offer of judgment notwithstanding, the result is clear: the action is over but for ministerial duties, and there is no complaint to amend.

     Well settled law makes clear that a plaintiff's acceptance of a Rule 68 offer of judgment constitutes a final judgment. *Gardner v. Catering by Henry Smith, Inc.,* 205 F.Supp. 2d 49 (E.D.N.Y. 2002). By operation of Rule 68, if the offer is accepted, all claims are settled and the case is concluded – the acceptance constitutes final judgment. *See also Christian v. R. Wood Motors,* 1995 U.S. Dist. LEXIS 5560 (N.D.N.Y. 1995) (once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement); *Harris v. City of New York,* 2004 U.S. Dist. LEXIS 12879 (S.D.N.Y. 2004) (entry of final judgment pursuant to Rule 68 is a ministerial act that does not require action of the judge – the offer, acceptance and service are all that is necessary for entry of final judgment); *Williams v.*

June 2, 2014
Page 2

*J.C. Penney Co.,* 1991 U.S. Dist. LEXIS 10542 (S.D.N.Y. 1991) (by operation of Rule 68, if the offer is accepted, all claims are settled and the case is concluded).

This long standing rule makes perfect sense. Imagine a Plaintiff seeking to amend the complaint after a trial; like an accepted offer of judgment, a trial renders a final judgment in a matter. Here, even though Gonyer has taken judgment by accepting Defendant's offer, Plaintiff now improperly seeks leave to continue the action. As noted above, that is an impossibility, because there is no longer an action to continue.

If a new, would-be plaintiff believes himself to have a claim, he is free to file an action of his own. However, this has no bearing on the fact that, at the time of Defendant's making of the offer of judgment, as well as the time of Gonyer's acceptance, Gonyer was the only plaintiff in the case. Moreover, allowing the matter to continue by 'substituting' a new plaintiff would severely prejudice Defendant and eviscerate the purpose of Rule 68, upon which Defendant properly relied when making its offer. Plaintiff's acceptance, and subsequent attempt to resurrect the case despite final judgment, is a bait and switch attempt to undermine the primary function of Rule 68.[1]

Accordingly, Plaintiff's request for leave to amend the complaint to add a new party must be denied, and the Court should direct the clerk to enter judgment as provided by Rule 68.

Yours very truly,

Mark A. Beckman

cc:     All Counsel of Record (*via* Email and ECF)

---

[1] Plaintiff's acceptance of Defendant's offer of judgment has mooted all substantive issues in the case, including Plaintiff's leave request and Defendant's pending summary judgment reconsideration motion. But even if this were not so, all of the purported new prospective plaintiffs suffer from the same statute of limitations issues as Gonyer. Specifically, they performed no work for Vane Line within two years of the filing of any amended complaint. Indeed, one claimed plaintiff-in-waiting performed no work within the three-year period preceding any amended complaint. Thus, if it were possible for the matter to continue (which it is not), the statute of limitations issue raised in Defendant's summary judgment motion becomes even more relevant, as that issue will apply equally to all would-be plaintiffs.