MARK A. BECKMAN
MBECKMAN@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
90 BROAD STREET
23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

June 10, 2014

**VIA EMAIL AND ECF**

Honorable Richard J. Sullivan
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re:   *Gonyer v. Vane Line Bunkering, Inc.*
      Index No.: 13-cv-8488 (RJS)

Dear Judge Sullivan,

Pursuant to Your Honor's invitation during the June 4, 2014 telephone conference, we respectfully submit this letter in response to plaintiff Christopher Gonyer's ("Plaintiff") newly-posited contention that, despite his May 28, 2014 acceptance of a Rule 68 Offer of Judgment, the 11th-hour filing of a non-descript "Notice of Consent" by an aspiring plaintiff summarily adds that individual to the case, amends the complaint, and causes an otherwise concluded action to continue on. As explained more fully below, the cases proffered by Plaintiff during the June 4th conference and in his subsequent letter to the Court have no bearing on the issue at hand and do not alter the fact that, but for the adjudication of fee-related matters, this case is now over.

As the Court is aware, on May 12, 2014, Defendant issued an Offer of Judgment to Plaintiff pursuant to Fed. R. Civ. P. 68 (the "Offer"), which Plaintiff had until May 29, 2014 to accept. Fed. R. Civ. P. 6(d). At the time the Offer was made, Plaintiff had not moved for conditional certification, the complaint had not been amended to add any additional parties, and no other individual had filed a valid Notice of Consent to join the case. By letter dated May 28, 2014, Plaintiff's counsel advised the Court that Plaintiff was accepting Defendant's Offer. (Dkt. No. 54). On May 29, 2014, Plaintiff confirmed his acceptance by filing a Notice of Acceptance with the Court. (Dkt. No. 55.)

As set forth in Defendant's June 2, 2014 letter to the Court (Dkt. No. 58), Plaintiff's acceptance of Defendant's Offer constitutes a final judgment, thus ending the case. But for

certain ministerial duties, namely the determination of the fees to be paid to Plaintiff's counsel, the Court has been divested of jurisdiction. *Gardner v. Catering by Henry Smith, Inc.*, 205 F.Supp. 2d 49 (E.D.N.Y. 2002) (plaintiff's acceptance of the Rule 68 offer constitutes a final judgment); *see also Christian v. R. Wood Motors*, 01-CV-1348, 1995 WL 238981 (N.D.N.Y. Apr. 17, 1995) (once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement); *Williams v. J.C. Penney Co.*, No. 86 Civ. 8497, 1991 WL 150617 (S.D.N.Y. Jul. 30, 1991) (by operation of Rule 68, if the offer is accepted, all claims are settled and the case is concluded).

Indeed, numerous courts have held that, where an offer of judgment satisfies a plaintiff's entire demand, the very *issuance* of that offer renders the case moot and divests the court of jurisdiction; acceptance of the offer is not the lynchpin. *See Cisneros v. Taco Burrito King 4, Inc.*, No. 13 CV 6968 (N.D. Ill. March 14, 2014) ("[o]nce the defendant *offers* to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R.Civ.P. 12(b)(1), because he has no remaining stake.") (emphasis added); *Damasco v. Clear Wire Corp.*, 662 F.3d 891 (7th Cir. 2011) ("After Clear Wire made its offer, Damasco's federal case was over.")

Here, the Offer was calculated to ensure full satisfaction of Plaintiff's demand, thus mooting the case and terminating the Court's jurisdiction. The post-Offer filing of a Notice of Consent therefore has no bearing on this case or the finality of Plaintiff's now-accepted Offer.

Nevertheless, during the June 4th conference, Plaintiff's counsel suggested for the first time that despite settled law, despite the Case Management Plan, and despite Your Honor's Individual Practices, the filing of a bare "Notice of Consent" hours before communicating his acceptance of the Offer summarily added a new plaintiff to the case, thus evading the manifest finality of an accepted offer of judgment. In would-be support of this position, Plaintiff touted two cases: *Meyers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) and *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994). However, both of these cases are inapposite.

First, contrary to Plaintiff's assertion, *Meyers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) does not stand for the proposition that an individual may unilaterally join an FLSA case in which a Rule 68 Offer of Judgment is pending (and may already have been accepted) simply by filing a Notice of Consent. In fact, the case has nothing to do with a Rule 68 Offer at all. Rather, *Meyers* dealt with an appeal from a district court decision denying class certification under Rule 23, wherein the Second Circuit was asked to address: (1) whether the district court had abused its discretion in denying plaintiffs' class certification motion, and (2) whether the Second Circuit itself had pendent appellate jurisdiction over issues other than the foregoing. *Id.* at 547, 552. The Second Circuit ruled in the negative on both accounts. *Id.* at 558. Neither of these issues is at play in this case.

While Plaintiff hangs his hat on *Meyers'* tangential references to district courts' "discretion … to implement [FLSA] § 216(b) … by facilitating notice to potential plaintiffs," this is out-of-context dicta raised amidst the Court's analysis of the pendent jurisdiction issue. *Id.* at 554. Importantly, the *Meyers* Court does not go on to articulate an alternate procedure through which prospective plaintiffs may be added; rather, it notes that "[i]n determining

whether to exercise [their] discretion in an appropriate case, the district courts of this Circuit appear to have coalesced around a two-step method, a method which ... we think is sensible." *Id.* at 554, 555. That method involves a conditional certification inquiry, followed by a more substantive analysis of the propriety of permitting a case to proceed as a collective action at the end of discovery – neither of which has occurred in this case. Stated simply, Plaintiff's assertion that *Meyers* somehow stands for the proposition that an individual can unilaterally declare himself a plaintiff by way of a vague Notice of Consent, particularly where an offer of judgment is pending and the time to amend a pleading or add a new party has passed, is divorced from reality.

Second, Plaintiff's reliance on *Comer* is misplaced. As is true with *Meyers*, *Comer* has nothing to do with a Rule 68 Offer. It is instead a case that deals with a narrow doctrine permitting a certified class action to proceed notwithstanding the defendant's voluntary cessation of the allegedly illegal conduct. The Court reasoned that defendant simply could resume such conduct once the case was dismissed, thereby evading judicial review. *See Comer* at 796-97. This case has no bearing on any of the issues currently before the Court.

Plaintiff apparently relies on *Comer's* statement that "[w]here the claims of the named plaintiffs become moot prior to class certification, ... [one way] in which mootness is not had ... [is that] an intervenor might have stepped in[,]" *id.* at 799, to suggest that, prior to Plaintiff accepting the Offer, an individual named Eric Bridges ("Bridges") "intervened" in the case. This argument is nothing more than word play. In fact, as of the date of this letter, Bridges has not even attempted to become an intervenor in this case. *See* Fed. R. Civ. P. 24(c) (in order for a party to intervene in a case, "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.") To date, no one has filed a motion to intervene in this case, nor has Plaintiff's counsel submitted a pre-motion conference letter requesting permission even to file such a motion.[1]

Ultimately, Plaintiff's argument asks this Court to disregard: (1) the rationale behind courts' overwhelming preference for, and adherence to, the two-step notice and opt-in procedure for adding plaintiffs to an FLSA case; *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013); *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, 12 Civ. 5651 (AJN), 2013 WL 3466810, at *3 (S.D.N.Y. Jul. 8, 2013) (quoting *Whitehorn Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007); and, (2) the Case Management Plan that governs this matter, which clearly states, "No additional parties may be joined except with leave of the Court." As of the date on which Plaintiff accepted the Offer – much less the date Defendant extended the Offer – the Court had not granted Plaintiff leave to add a party. In fact, Plaintiff has not even *requested* the Court's leave to add a party; he has requested "a pre-motion conference on Gonyer's anticipated motion *for leave to amend his complaint.*" (Dkt No. 54.) (Emphasis added.) Thus, to the extent that Plaintiff extolls this Court's discretion for establishing a

---

[1] Even assuming that Mr. Bridges' notice was a legitimate effort to intervene and was not barred by the principles articulated in the above-noted case law of this Circuit and this Court's Case Management Plan, FRCP 24(b)(3) requires consideration of whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Permitting Bridges' last-minute entry into this case will both unduly delay and prejudice Defendant's rights.

procedure for adding parties, he ignores the fact that the Court exercised such discretion when it articulated the above-noted procedure in the Case Management Plan. Applying the Court's procedure eviscerates Plaintiff's arguments for permitting this case to continue because Plaintiff had not obtained leave to amend the Complaint as of the date on which he accepted the Offer.[2] *See, Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (noting that subject matter jurisdiction over a case must be present at all times, and that a case must be dismissed for lack of subject matter jurisdiction if there is even a brief moment in the litigation in which the plaintiff does not have standing to pursue his claims because such claims have been satisfied *via* an all-encompassing Rule 68 Offer).

As Your Honor noted during the June 4 Conference, "[t]he reason we have certification under the FLSA and a process devised to make sure that it goes out in a certain way is to make sure that plaintiffs or potential plaintiffs know what they are doing before they opt in." (Transcript, P. 12, Lines 3 – 6.) The Court's comment is exactly congruent with the rationale expressed in *Meyers* and the numerous Second Circuit cases set out above. In suggesting that a barebones Notice of Consent bereft of any indication that the claimed consenter knows the first thing about the instant case, Plaintiff disregards that logic and asks the Court to do the same. This is neither what *Meyers* stands for, nor what it says.

It is well-settled that a Rule 68 Offer of Judgment is a tool by which a defendant, motivated by financial concerns or otherwise, may bring about the end of an action against it. *See e.g. Christian v. R. Wood Motors*, 91-CV-1348, 1995 WL 238921 (N.D.N.Y. Apr. 21, 1995); *Harrell v. Van Der Plas*, 08 Civ. 8252 (GEL), 2009 WL 1755090 (S.D.N.Y. Jun. 19, 2009). To that end, despite Defendant's belief as to the baselessness of Plaintiff's claims, Defendant opted to end the case by making an offer of judgment to Plaintiff, no less an offer that was considerably more than Plaintiff could have obtained even in the event that his lawsuit were successful. *See e.g. Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir. 1983); *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 01 Civ. 1086 (AGS), 2002 WL 449653 (S.D.N.Y. Mar. 21, 2002) (holding that where the defendant's offer of judgment contains all the available relief sought by plaintiff, the case is moot). To the extent that other individuals (who are not yet a party to this action) believe that they have a claim against Defendant under the FLSA, they are free to explore those beliefs *via* their own lawsuits – their mere existence does not justify or permit a continuation of this case. *See, Franco v. Allied Interstate LLC*, 13 Civ. 4053 (KBF), at *12 (S.D.N.Y. Apr. 2, 2014) (denying plaintiff's motion to amend complaint following Rule 68 Offer for complete relief, granting defendant's motion to dismiss case notwithstanding plaintiff's pending motion for certification, because of the date of the Offer, and noting that other potential plaintiffs remained free to vindicate their rights in their own suits despite the mootness of plaintiff's individual claim).

With respect to the cases cited in Plaintiff's June 6 letter (Dkt. No. 61), Plaintiff's reliance is misplaced and disingenuous. A cursory review reveals that they fall into one of four inapplicable fact-patterns:

---

[2] Any suggestion that "leave to add party" is subsumed by "leave to amend complaint" is defeated by the Case Management Plan's separate treatment of those items. (Dkt. No. 29, Case Management Plan, ¶¶ 3 and 4.)

(1) Cases in which the plaintiff rejected the Rule 68 offer of judgment and following the rejection, additional plaintiffs opted-in to the case: *Yeboah v. Cent. Parking Sys.*, No. 06 CV 0128 (RJD) (JMA), 2007 WL 3232509 (E.D.N.Y. Nov. 1, 2007); *Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y. 2006); *Velasquez v. Digital Page, Inc.*, 842 F.Supp. 2d 486 (E.D.N.Y. 2012); *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F.Supp.2d 178 (W.D.N.Y. 2007);

(2) Cases in which the plaintiff disputed the adequacy of the amount offered and as a result the court declined to dismiss the action: *Lopez-Martinez v. Gokul Inc. of N.Y.*, 1:13-CV-467 GLS/RFT, 2013 WL 6145795 (N.D.N.Y. Nov. 21, 2013); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS) (AJP), 2009 WL 1357223 (S.D.N.Y. May 13, 2009); *Reed v. TJX Cos.*, 04 C 1247, 2004 WL 2415055 (N.D. Ill. Oct. 27, 2004);

(3) Cases in which the plaintiff requested permission to move for class certification in advance of the Rule 68 offer of judgment: *Bowens v. Atl. Maint. Corp.*, 546 F.Supp. 2d 55 (E.D.N.Y. 2008), or in which a motion for class certification was already pending at the time the Rule 68 offer of judgment was made: *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001); *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994); and,

(4) Cases in which the plaintiff obtained consents to join the action prior to receiving the Rule 68 offer and had actually amended the complaint before accepting the offer: *Gunn v. NPC Int'l Inc.*, 2014 13-1035, 2014 WL 10224396 (W.D. Tenn. March 24, 2014).

These distinctions not only demonstrate that Plaintiff has cherry-picked self-serving quotes in an attempt to mislead this Court, but they serve to highlight yet again that the case law does not, in fact, support Plaintiff's position.

Finally, as the Court noted during the June 4th conference, Plaintiff's at-issue maneuver "smacks of cuteness," and raises concern that Plaintiff had actually decided to accept the Offer before the Notices had been filed, but his counsel deliberately withheld such acceptance until they had secured other clients.[3] (*See* Transcript, p. 9, Lines 17 - 20) ("And if the timing of the acceptance was delayed in order to line up other plaintiffs, that would strike me as troubling, and maybe I need to have a factual hearing on that to figure out when the offer really was accepted and whether counsel played a role in preventing that acceptance from being communicated in order to line up other plaintiffs.") Such game-playing cannot be countenanced. To allow a new plaintiff to run with Gonyer's baton is to embrace inapplicable case law, override governing law and the Case Management Plan, and frustrate the intent of Rule 68. Accordingly, Defendant respectfully requests the Court direct the clerk to enter judgment in this matter, proceed to the ministerial duty of determining Plaintiff's counsel's fees, and close the case.

---

[3] Defendant has received at least two separate reports from its employees that, during the pendency of the Offer, those employees had been contacted by an individual purporting to be a private investigator working for a lawyer in Houston, Texas who had filed a lawsuit against Defendant relating to "payroll procedures." In addition to highlighting questions about what Mr. Bridges understood, the reported conduct appears to violate the ABA's Rules of Professional Conduct, as well as Texas' and New York's corresponding rules.

We thank the Court for its time and continuing attention to this matter.

Respectfully submitted,

*Mark A. Beckman*

Mark A. Beckman

Cc: All Counsel of Record

No *Shepard's* Signal™
As of: May 28, 2014 1:33 PM EDT

# Franco v. Allied Interstate LLC

United States District Court for the Southern District of New York
April 2, 2014, Decided; April 2, 2014, Filed
13 Civ. 4053 (KBF)

**Reporter:** 2014 U.S. Dist. LEXIS 47077

GILBERTO FRANCO, on behalf of himself and all others similarly situated, Plaintiff, -v- ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC., Defendant.

> **Core Terms**
>
> *moot*, class certification, subject matter jurisdiction, class action, individual claim, healthcare, statutory damages, named plaintiff, certificate

**Counsel:** [*1] For Gilberto Franco, on behalf of himself and all others similarly situated, Plaintiff: Andrew T. Thomasson, LEAD ATTORNEY, PRO HAC VICE, Thomasson Law, LLC, Jersey City, NJ; William Franklin Horn, LEAD ATTORNEY, Law Office of William F. Horn, Fresh Meadows, NY; Craig Thor Kimmel, Kimmel & Silverman, Ambler, PA.

For Allied Interstate LLC, formerly known as Allied Interstate, Inc., Defendant: Casey Devin Laffey, Nana Japaridze, Reed Smith (NYC), New York, NY.

**Judges:** KATHERINE B. FORREST, United States District Judge.

**Opinion by:** KATHERINE B. FORREST

> **Opinion**

MEMORANDUM DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On June 13, 2013, plaintiff Gilberto Franco brought this action against defendant Allied Interstate, LLC alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), *15 U.S.C. §§ 1692 et seq.* (ECF No. 1.) Now before the Court are plaintiff's motion for class certification and defendant's motion to dismiss. For the reasons set forth below, defendant's motion to dismiss is GRANTED, and plaintiff's motion for class certification is DENIED.

I. BACKGROUND

For purposes of this motion, the Court assumes the truth of the following allegations set forth in the amended complaint (ECF No. 67).

Plaintiff [*2] claims that defendant used false, deceptive, and misleading practices in violation of the FDCPA in connection with its attempts to collect an alleged debt from plaintiff and others. (Id. ¶¶ 12-34, 47, 48.) Specifically, plaintiff alleges that defendant sent written communications to Massachusetts residents, including plaintiff, which warned them that they might be subject to an administrative wage garnishment of 15% of their pay. (Id. ¶¶ 20-24, Ex. A.) According to plaintiff, this statement violates *§§ 1692e* and *1692f* of the FDCPA because the maximum allowable wage garnishment is in fact 15% of *disposable* income; thus, defendant falsely represented that a larger amount of plaintiffs pay was subject to garnishment than is actually permitted by law. (Id. ¶¶ 25, 26.)

The FDCPA allows a successful individual plaintiff to recover only "any actual damage sustained" as a result of a defendant's violation of the statute, as well as "such additional damages as the court may allow, but not exceeding $1,000," and "the costs of the action, together with a reasonable attorney's fee determined by the court." *15 U.S.C. § 1692k(a)(2)(A)*.

On June 13, 2013, plaintiff filed the complaint in this action. [*3] (ECF No. 1.) Plaintiff alleges only statutory damages, not actual damages. (See Mem. of L. in Supp. of Pl.'s Mot. for Class Cert. 9, ECF No. 43.)

On September 10, 2013, defendant offered judgment to plaintiff pursuant to *Federal Rule of Civil Procedure 68* in the amount of $1,501 plus reasonable attorneys' fees and costs to be determined by the Court. (Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mot.") Ex. B, ECF No. 65-2.) Plaintiff did not accept the *offer of judgment*, and informed defendant that he would only agree to resolve the case on a class-wide basis. (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss 1, ECF No. 75.) On September 24, 2013, the *offer of judgment* expired. (See Def.'s Mot. Ex. B.)

On December 2, 2013, plaintiff moved to certify a class of consumers who received a letter similar to the letter that he received, and on January 28, 2014, plaintiff filed an amended complaint. (ECF Nos. 42, 67.) On January 24, 2014, defendant moved to dismiss the action for lack of subject matter jurisdiction under *Fed. R. Civ. P. 12(b)(1)*

2014 U.S. Dist. LEXIS 47077, *3

and opposed plaintiff's motion for class certification. (ECF No. 64.) Those motions became fully briefed on February 10, 2014. (ECF No. 76.)

II. [*4] LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)* (citing *Fed. R. Civ. P. 12(b)(1)*). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)*; see also *Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011)* ("[T]o survive [defendant's] *Rule 12(b)(1)* motion to dismiss, [plaintiff] must allege facts that affirmatively and plausibly that it has **standing** to sue."). In resolving such a motion to dismiss, the Court must construe all ambiguities and draw all inferences in plaintiff's favor. See *Makarova, 201 F.3d at 113*.

"When a case becomes ***moot***, the federal courts lack subject matter jurisdiction over the action." *Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)* (internal punctuation omitted). "Simply stated, a case is ***moot*** when the issues presented are no longer 'live' or the parties lack a legally cognizable interest [*5] in the outcome." *Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)*. "The required legally cognizable interest has . . . been described as a requirement that plaintiff have a 'personal stake' in the litigation. Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000)* (citing *Fox, 42 F.3d at 140*).

III. DISCUSSION

A. Mootness

For the following reasons, defendant's ***Rule 68 offer of judgment*** to plaintiff rendered his claim ***moot***. Accordingly, the Court lacks subject matter jurisdiction over the case, notwithstanding the pending motion for class certification.

*Rule 68* permits a defendant to "serve on an opposing party an offer to allow judgment on specified terms." *Fed. R. Civ. P. 68(a)*. A valid ***offer of judgment*** that would satisfy a plaintiff's entire claim for relief by offering the maximum recoverable amount under the statute renders a plaintiff's claim ***moot***, even if plaintiff refuses the ***offer of judgment***. See *Doyle v. Midland Credit Management, Inc., 722 F.3d 78, 81 (2d Cir. 2013)*.

Here, defendant offered plaintiff more than plaintiffs maximum recoverable damages pursuant to ***Rule 68***. The [*6] FDCPA authorizes damages for actual damage sustained, as well as additional damages "not exceeding $1,000," and "the costs of the action, together with a reasonable attorney's fee determined by the court." *15 U.S.C. § 1692k*. Because plaintiff does not allege actual damages, defendant's ***Rule 68*** offer, which permitted judgment to be taken against it for $1,501 plus reasonable costs and attorneys' fees as allowed by the Court, exceeds the available amount of statutory damages, costs, and allowable attorneys' fees. Because plaintiff refused that offer, plaintiff's claim is ***moot***. See *Doyle, 722 F.3d at 81*.

Plaintiff argues that, because plaintiff's motion for class certification is pending before the Court but has not yet been decided, the ***offer of judgment*** to him individually—rather than to all members of the class—does not ***moot*** the class action. The law is clear that, when a court has already granted or denied class certification, mootness of the named plaintiff's personal claim does not render the entire action ***moot***. *U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 404, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)*; *Sosna v. Iowa, 419 U.S. 393, 394, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975)*. It is also clear that mootness of a named plaintiff's individual claim [*7] renders a collective action requesting statutory damages under the Fair Labor Standards Act (FLSA) ***moot*** even prior to certification. *Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1526, 185 L. Ed. 2d 636 (2013)*.

However, neither the Supreme Court nor the Second Circuit has ruled on the effect of a ***Rule 68*** offer made prior to resolution of a *Rule 23* (rather than FLSA) certification motion, as in this case. "[I]n general, if the claims of the named plaintiffs become ***moot*** prior to class certification, the entire action becomes ***moot***," subject to certain exceptions. *Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994)*. In particular, class certification may relate back to the filing of the complaint in circumstances that are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Id. at 799* (quoting *Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 52, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991)*; *Sosna v. Iowa, 419 U.S. 393, 402 n.11, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975))*.

Thus, district courts in this Circuit are split on the question of whether an ***offer of judgment*** to an individual plaintiff made while a certification motion is pending or before [*8] a certification motion is filed moots the putative class action. See *Morgan v. Account Collection Tech., LLC, No. 05 Civ. 2131 (KMK), 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865, at *4-5 (S.D.N.Y. Sept. 6, 2006)* (discussing

the split). Some courts agree that a *Rule 68* offer moots a class action in such circumstances, although courts have most commonly dismissed such actions before plaintiff has even filed a class certification motion, unlike here.[1] See, e.g., *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003)*; *Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 88 (E.D.N.Y. 2001)*; *Wilner v. OSI Collection Servs., Inc., 201 F.R.D. 321 (S.D.N.Y. 2001)*; *Tratt v. Retrieval Masters Creditors Bureau, Inc., No. 00 Civ. 4560 (ILG), 2001 U.S. Dist. LEXIS 22401, 2001 WL 667602. at *1 (E.D.N.Y. 2001)*; *Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)*. Other courts have stated that a case should only be dismissed as *moot* based on a *Rule 68* offer prior to resolution of a class certification motion only if the plaintiff lacked a "reasonable opportunity" to file such a motion prior to the *Rule 68* offer. See, e.g., *Nasca v. GC Servs. Ltd. P'ship, No. 01 Civ. 10127 (DLC), 2002 U.S. Dist. LEXIS 16992, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002)*; [*9] *White v. OSI Collection Servs., Inc., No. 01 Civ. 1343 (ARR), 2001 U.S. Dist. LEXIS 19879, 2001 WL 1590518, at *4 (E.D.N.Y. Nov. 5, 2001)*; *Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001)*.

This Court adopts the views of the first line of cases. As a general matter, "if the claims of the named plaintiffs become *moot* prior to class certification, the entire action becomes *moot*." *Comer, 37 F.3d at 798*. The Court is mindful that several courts have nonetheless denied motions to dismiss actions as *moot* based on the "relation back" doctrine, which hinges on "transitory" circumstances. Those courts have also noted the Supreme Court's concern in Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper that defendants could "pick off" plaintiffs by offering judgment before class certification, thus frustrating the objective of class actions. See *445 U.S. 326, 340, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980)*; see, e.g., *Nasca, 2002 U.S. Dist. LEXIS 16992, 2002 WL 31040647, at *2*; *White, 2001 U.S. Dist. LEXIS 19879, 2001 WL 1590518, at *2-3*; *Schaake, 203 F.R.D. at 110*.

However, for substantially the same reasons [*10] as the Supreme Court stated in *Genesis Healthcare Corp.*, the "relation back" doctrine and the "picking off" concern are inapposite here. In that case, the Court held that the respondent's collective action pursuant to the FLSA became *moot* when her individual claim became *moot*. The Supreme Court rejected the applicability of the "relation back" cases not only because they related to the Rule 23 context rather than the FLSA context, but for the following reasons:

The "inherently transitory" rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course. A plaintiff might seek, for instance, to bring a class action challenging the constitutionality of temporary pretrial detentions. In doing so, the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end. prior to the resolution of his claim. . . . [T]his [*11] doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy.

*Genesis Healthcare Corp., 133 S. Ct. at 1531* (emphasis added) (citations omitted).

A situation involving statutory damages rather than injunctive relief does not raise such concerns for the following reasons, which are equally applicable to the FDCPA as to the FLSA context:

Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole. While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.

*Id. at 1531* (emphasis added).

In [*12] this case, defendant here has offered to address plaintiff's harm and make plaintiff whole; other potential plaintiffs remain "free to vindicate their rights in their own suits" despite the mootness of plaintiff's individual claim. Id. The Court is mindful that FLSA collective actions are subject to less strict principles than Rule 23 class actions,

---

[1] Defendant made its *Rule 68* offer on September 10, 2013; plaintiff moved for class certification on December 2, 2013; and defendant moved to dismiss the action as *moot* on January 24, 2014.

because plaintiffs must opt in to FLSA actions, unlike class actions. See *Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997)*. However, that distinction is irrelevant here. Plaintiffs seeking statutory damages under the FDCPA, which are capped at $1,000, are able to pursue those individual claims and thus vindicate their individual rights even if a class action proves untenable—just as in the FLSA context.

For similar reasons, the Supreme Court's concern in *Roper* about "picking off" plaintiffs was inapplicable in Genesis Healthcare Corp., just as it is inapplicable here. "Roper's holding turned on a specific factual finding that the plaintiffs[] possessed a continuing personal economic stake in the litigation, even after the defendants' ***offer of judgment***," because the plaintiffs there could shift a portion of their attorney's [*13] fees and expenses to class litigants. *Genesis Healthcare Corp., 133 S. Ct. at 1532*. By contrast, here as in *Genesis Healthcare Corp.*, defendant's ***offer of judgment*** offered plaintiff complete relief on his individual claims, and plaintiff "failed to assert any continuing economic interest in shifting attorney's fees and costs to others." See id.

For these reasons, defendant's ***Rule 68offer of judgment*** rendered plaintiffs claim ***moot*** notwithstanding the pending class certification motion. Accordingly, the Court lacks subject matter jurisdiction over the action, and the complaint must be dismissed.

B. Class Certification

In the absence of a claim against defendant, plaintiff cannot adequately represent the purported class. "[A] class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." *Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir 1980)*. Accordingly, plaintiffs motion to certify a class is denied. See *Comer, 37 F.3d at 798* ("[I]f the claims of the named plaintiffs become ***moot*** prior to class certification, the entire action becomes ***moot***."); *Ambalu, 194 F.R.D. at 453*.

IV. [*14] CONCLUSION

For the reasons stated above, plaintiff's motion for class certification is DENIED and defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to close the motions at ECF Nos. 42 and 64 and to terminate this action.

SO ORDERED.

Dated: New York, New York

April 2, 2014

/s/ Katherine B. Forrest

KATHERINE B. FORREST

United States District Judge

Jennifer Budoff


Cited
As of: June 5, 2014 3:00 PM EDT

# Cisneros v. Taco Burrito King 4, Inc.

United States District Court for the Northern District of Illinois, Eastern Division
March 14, 2014, Decided; March 14, 2014, Filed
No. 13 CV 6968

**Reporter:** 2014 U.S. Dist. LEXIS 33234

JOSE E. CISNEROS, Plaintiff, v. TACO BURRITO KING 4, INC., TACO BURRITO KING 5, INC., TACO BURRITO KING 7, INC., TACO BURRITO KING 12, INC., TACO BURRITO KING 14, INC., and URIEL LAMAS, Defendants.

**Core Terms**

moot, burrito, plaintiff's claim, complete relief, certificate, motion to dismiss, attorney's fees, overtime wages, class action

**Counsel:** [*1] For Jose E. Cisneros, Plaintiff: Carlos Gerardo Becerra, LEAD ATTORNEY, Perla Marlene Gonzalez, Becerra Law Group, LLC, Chicago, IL.

For Taco Burrito King 4 Inc., Taco Burrito King 5 Inc., Taco Burrito King 7 Incorporated, Taco Burrito King 12, Inc., Taco Burrito King 14, Inc., Uriel Lamas, individually, Defendants: Jennifer Adams Murphy, LEAD ATTORNEY, Ryan Michael Helgeson, Wessels Sherman Joerg Liszka Laverty Seneczko P.C., St. Charles, IL.

**Judges:** James B. Zagel, United States District Judge.

**Opinion by:** James B. Zagel

**Opinion**

**MEMORANDUM OPINION AND ORDER**

On September 27, 2013, Plaintiff Jose E. Cisneros filed a complaint against Defendants Taco Burrito King 4, Inc., Taco Burrito King 5, Inc., Taco Burrito King 7, Inc., Taco Burrito King 12, Inc., Taco Burrito King 14, Inc., and Uriel Lamas alleging violations of the Fair Labor Standards Act, *29 U.S.C. 201 et seq.* and the Illinois Minimum Wage law, *820 ILCS 105/12(a)* and seeking overtime wages. Before the court is Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter *jurisdiction*.

**I. BACKGROUND**

Uriel Lamas is the President of Taco Burrito King 4, Inc., Taco Burrito King 5, Inc., Taco Burrito King 7, Inc., Taco Burrito King 12, Inc., and [*2] Taco Burrito King 14, Inc., an enterprise of Illinois corporations engaged in the production of goods for commerce and operation of a chain of Mexican restaurants. At all relevant times, Defendants employed Plaintiff Jose E. Cisneros as a cook. Plaintiff worked in excess of forty hours per week, but was not paid overtime wages.

On September 27, 2013, Plaintiff filed a Complaint alleging that Defendants failure to compensate him for overtime wages was in violation of the Fair Labor Standards Act ("FLSA"), *29 USC 201 et seq.* and the Illinois Minimum Wage law, *820 ILCS 105/12(a)* for overtime wages. Plaintiff seeks a judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for overtime hours, damages, reasonable attorneys' fees, and any other relief this Court deems appropriate and just.

On November 14, 2013, Defendants sent Plaintiff a letter ("Offer Letter") to "fully satisfy Mr. Cisneros' claims" pursuant to applicable laws for ***full relief*** of claims alleged in his Complaint, including liquidated damages, costs, and reasonable attorneys' fees. Def. Mem. Ex. C. On the same day, Defendants filed a motion to dismiss Plaintiff's [*3] Complaint under *Fed. R. Civ. P. 12(b)(1)* for lack of subject matter *jurisdiction*, arguing that Plaintiff's claims had become moot subsequent to Defendants' offer of complete relief. On December 13, 2013, Plaintiff filed a motion for conditional certification and issuance of notice to similarly situated persons, as well as a response to Defendants' motion to dismiss contesting the completeness of Defendants' offer.

**II. STANDARD OF REVIEW**

Article III of the United States Constitution confers on the federal courts *jurisdiction* over cases and controversies. Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. *Holstein v. City of Chi., 29 F.3d 1145, 1147 (7th Cir. 1994)*. A case becomes moot when one of the parties loses his personal interest in the outcome of the suit. *Id*. Therefore, once a defendant offers

to satisfy the plaintiff's entire demand, a plaintiff loses the controversy necessary to support *jurisdiction*. *Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)*. The plaintiff that refuses to acknowledge that there remains no dispute over which to litigate loses outright because he has [*4] no remaining stake. *Id*.

Where a plaintiff seeks to represent a class of individuals with similar claims, the application of this doctrine is more complicated. *Holstein, 29 F.3d at 1147*. In such a case, mootness is avoided "if the district court has certified the class before the expiration of the plaintiff's claims." *Id*.

### III. DISCUSSION

Defendants move to dismiss the action on the grounds that Defendants' offer to satisfy Plaintiff's entire demand moots Plaintiff's claim. Defendants further contend that because Plaintiff's claims became moot before a class was conditionally certified and before any additional class members **opted-in**, no justiciable dispute exists and this action must be dismissed. Plaintiff advances three arguments in his favor. First, Plaintiff argues that Defendants did not offer complete relief because Defendants' offer failed to correctly calculate overtime wages, improperly deducted a meal credit, and did not provide punitive damages. Second, Plaintiff contends that Defendants failed to make an offer in adherence with *Federal Rules of Civil Procedure 68*. Third, Plaintiff argues that his Motion for Conditional Certification saves his claim from mootness.

*1. Defendants'* [*5] *offer afforded complete relief*

Plaintiff's first argument is that Defendant failed to make an offer affording complete relief. A complete offer, by giving the plaintiff the equivalent of a default judgment, eliminates a legal dispute upon which federal *jurisdiction* can be based. *Id. at 1147* (court found plaintiff's claim satisfied where it was uncontested that defendant's offer adequately reimbursed him and was sincere); *Rand, 926 F.2d at 597-98*. While a plaintiff may not refuse a defendant's valid offer providing complete relief merely to preserve his interest, rejection of an offer of less than the complete relief sought will not make a claim moot. *Greisz v. Household Bank (Illinois), 176 F.3d 1012, 1015 (7th Cir. 1999)*. To that end, an offer is not complete simply because a defendant tenders everything he *admits* is due based on the assumption that his legal position is sound. *Gates v. Towery, 430 F.3d 429, 432 (7th Cir.2005)*. Such an offer that fails to satisfy the plaintiff's demands does not eliminate the controversy to make a suit moot. *Id. at 432*. Rather, mootness occurs when no more relief is possible. *Id. at 431-32*.

Defendants' offer, submitted on November 14, 2013, provided [*6] that it would pay Plaintiff's overtime wages for the past three years and liquidated damages in the amount of $4,233.42, and reasonable attorneys' fees and costs incurred by Plaintiff in connection with this case, to be determined, if necessary, by a court. Defendants provided a summary of estimated hours and wages owed Plaintiff, and additionally reserved that "if upon review of the records, [Plaintiff] establishes that additional sums are owed to Mr. Cisneros for time worked or overtime, [Defendants] will adjust [their] offer accordingly." Def. Mem. Ex. C, Offer Letter. Plaintiff first disputed that Defendants' offer was complete on December 13, 2013 in his Response to Defendants' Motion to Dismiss. Specifically, Plaintiff contended that Defendants' offer was incomplete because they were not entitled to deduct from Plaintiff's wages a meal credit absent a showing that the cost was reasonable and the deductions were voluntary and not coerced.

Plaintiff relies on *Gates v. Towery* and *Van Tassell v. United Mktg. Gp*. to support his contention that the allegedly improper deductions from wages left Defendants' offer insufficient to satisfy Plaintiff's "entire demand" and eliminate the controversy [*7] to make the present suit moot. *Gates, 430 F.3d at 431*; *Van Tassell v. United Mktg. Gp., 795 F.Supp.2d 770, 777-78 (N.D.Ill. 2011)*. In *Gates*, the defendants' proffered relief was found incomplete where the offer failed to include damages or attorneys' fees and defendants contested that it owed any further relief. *Id*. Similarly, in *Van Tassell*, the defendants' offer failed to satisfy the entire demand sought by the plaintiffs because the offer only included a reimbursement for subscription fees and failed to include damages, costs, interest, or attorneys' fees. *795 F.Supp. at 777*. Unlike *Gates* and *Van Tassell*, Defendants' offer includes the provision of damages, attorneys' fees, and costs—and, moreover, a concession to adjust Defendants' offer to provide additional relief that Plaintiff establishes he is owed. Plaintiff has not alleged that he sought and was refused additional relief for the allegedly improper meal credit taken by Defendant. Defendants have made a complete offer to satisfy Plaintiff's entire demand.

The rule in the Seventh Circuit is clear: "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff [*8] who refuses to acknowledge this loses outright, under *Fed. R.Civ.P. 12(b)(1)*, because he has no remaining stake." *Rand, 926 F.2d at 598*; *Manzanares v. Landscape Concepts Management, Inc., 2012 U.S. Dist. LEXIS 58122, at *2 (N.D.Ill. April 26, 2012)*.

*2. Defendants' offer was not deficient*

Second, Plaintiff incorrectly contends that Defendants' November 14, 2013 Letter was a deficient **offer of judgment** under *Federal Rule of Civil Procedure 68*.

Plaintiff argues that, consequently, he did not receive an offer for complete relief removing controversy from the present case. Defendants argue that they did not make and were not obligated to make a *Rule 68Offer of Judgment* in order to provide Plaintiff *full relief* and to render Plaintiff's claims moot. *Rule 68* was developed to encourage settlement and avoid litigation by providing clarity for entering into an *Offer of Judgment*. *Grosvenor v. Brienen, 801 F.2d 944, 945 (7th Cir. 1986)*. *Rule 68* does not, however, require parties to enter into an *Offer of Judgment*. Defendants' Offer was an ordinary offer of settlement and not a *Rule 68Offer of Judgment*. Defendants' Offer does not mention *Rule 68* on the face of the letter and there is no discussion [*9] of allowing a judgment to be entered in this case, which is what *Rule 68* contemplates. *Manzanares, 2012 U.S. Dist. LEXIS 58122, at *2*. Where an offer is not made pursuant to *Rule 68*, applying that rule's timeframe for accepting an offer would be arbitrary.

*3. Plaintiff's motion to certify the class*

Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter *jurisdiction*. *Holstein, 29 F.3d at 1147*. However, if the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *U.S. Parole Commission v. Geraghty, 445 U.S. 388, 398, 100 S. Ct. 1202, 1209, 63 L. Ed. 2d 479*. Because the district court did not certify the class, Plaintiff cannot avail himself of the benefit of this exception to the mootness doctrine.

Even so, Plaintiff argues that Defendants should not be allowed to frustrate the purpose of collective actions as provided by Congress in the FLSA by buying-off named plaintiffs prior to class certification. While there is variance amongst circuit courts—some recognizing this concern—the rule in the Seventh Circuit is clear: to avoid mootness of plaintiff's claim, plaintiff must at least [*10] move for class action prior to receiving a complete offer of settlement. *Damasco v. Clearwire Corp., 662 F.3d 891, 894 (7th Cir. 2011)*; *see cf. Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.,639 F.3d 1239, 1249-50 (10th Cir.2011)*; *Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 920-21 (5th Cir.2008)*; *Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir.2004)*. Here, Plaintiff failed to even move for class certification until almost a month after receiving Defendants' offer—almost a month after the evaporation of his personal stake in the case. That the Complaint identifies the suit as a potential class action is not enough by itself to keep the case in federal court. If the plaintiff does not seek class certification, a complaint-even one that clearly and in great detail describes the suit as a class action suit-will not survive dismissal of the plaintiffs suit. *Damasco, 662 F.3d at 894*.

Furthermore, even if Plaintiff has been granted conditional class certification, the class must have individuals *opt-in* to the class in order to preserve the suit from mootness. *Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013)* [*11] (even conditional certification of a class would not save a complaint from dismissal unless the individuals had already *opted-in* before the named plaintiffs claim was mooted).

## V. CONCLUSION

While Plaintiffs attorneys' may have intended to include Plaintiffs claim into a larger class action, they, first and foremost, have a fiduciary duty to act in the best interests of Plaintiff-not a potential class of plaintiffs. That remains true even when Plaintiffs best interests are satisfied by a complete offer of settlement, removing controversy from the case and possibly preventing an action from moving forward as a class action. For the foregoing reasons, Defendants' motion to dismiss is granted and this case is terminated.

ENTER:

/s/ James B. Zagel

James B. Zagel

United States District Judge

DATE: March 14, 2014