UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER GONYER, *individually and on behalf of all others similarly situated*,

                     Plaintiffs,

-v-

VANE LINE BUNKERING, INC. d/b/a VANE BROTHERS COMPANY,

                     Defendant.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-14

No. 13-cv-8488 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Plaintiffs' request for leave to amend the complaint to name Eric Bridges and Mark Mills as additional lead Plaintiffs. (Doc. Nos. 51, 67.) For the reasons set forth below, Plaintiffs' motion to amend is deemed made and granted.

## I. BACKGROUND

Plaintiff Christopher Gonyer filed the Complaint in this Fair Labor Standards Act ("FLSA") case on November 27, 2013. (Doc. No. 1.) On May 28, 2014, between approximately 12:08 p.m. and 6:40 p.m., Bridges, Alfred LeBlanc, and David Ferace filed notices of consent to become plaintiffs. (Doc. Nos. 51, 52, 53.) Later that day, at approximately 7:50 p.m., Plaintiffs' counsel filed a letter advising the Court that (1) Gonyer received and intended to accept a Rule 68 Offer of Judgment made by Defendant on May 12, 2014; and (2) counsel sought to amend the complaint to name Bridges as the new lead plaintiff. (Doc. No. 54.) On May 29, 2014, Plaintiffs' counsel filed a Notice of Acceptance on behalf of Gonyer accepting the Offer of Judgment. (Doc. No. 55.) On June 2, 2014, Defendant filed a letter opposing Plaintiffs' request to amend the complaint, arguing that the case terminated when Gonyer accepted the Offer of Judgment and contending that no other plaintiffs had joined the action prior to that acceptance. (Doc. No. 58.)

On June 4, 2014, the Court held a telephone conference to discuss the issues raised in the parties' letters. (Doc. No. 62.) The Court reserved its ruling, and permitted the parties to file additional submissions in further support of their respective positions. (*Id.*) Plaintiffs and Defendant filed supplemental letters on June 10 and June 6, 2014, respectively. (Doc. Nos. 61, 64.) On June 19, 2014, Plaintiffs filed two more notices of consent, on behalf of Christopher Glancy and Mark Mills. (Doc. Nos. 65, 66.) Also on June 19, 2014, Plaintiffs filed a letter seeking leave to amend the complaint to add Mills as an additional lead plaintiff. (*Id.*) Defendant opposed this request by letter dated June 20, 2014. (Doc. No. 68.)

II. DISCUSSION

The principal questions before the Court are, first, whether the individuals who filed notices of consent joined as plaintiffs on the dates on which those notices were filed and, second, whether the Court lost subject matter jurisdiction over this case when Defendant made its Offer of Judgment on May 12 or when Gonyer accepted that Offer of Judgment on May 29. The Court will address each in turn.

A. Opt-in Plaintiffs in FLSA Actions

The joinder of plaintiffs to an FLSA action is governed by 29 U.S.C. § 216(b), which provides that an employee may bring an action "for and in behalf of himself . . . and other employees similarly situated," provided that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). In this Circuit, many district courts – including this one – have adopted a two-step "conditional certification" process of facilitating notice to potential plaintiffs who may wish to join a pending FLSA suit. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). As the Second Circuit has recently observed, however, this process is entirely discretionary. *Id.* "[N]othing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when [notice by the district court] has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action." *Id.* at 555 n.10. In other words, the filing of a consent by a similarly situated employee is, by itself, sufficient to join an FLSA action. *Id.*; *see also Ward v. Bank of New York*,

2

455 F. Supp. 2d 262, 266 (S.D.N.Y. 2006) (Chin, J.) ("Named plaintiffs must be 'similarly situated' to the proposed members of the collective action class, and proposed collective action class members must opt in by formally consenting in writing to being a party to the action.").

Thus, assuming that they are similarly situated to Gonyer, Bridges and the other individuals who filed notices of consent on May 28 effectively opted into the case on that date. Similarly, Glancy and Mills joined as plaintiffs when they filed notices of consent on June 19. Defendant's attempts to resist this conclusion are unpersuasive. First, as discussed above, the Second Circuit has explicitly stated that a motion for conditional certification need not be pending in order for a plaintiff to opt in. *Myers*, 624 F.3d at 555 n.10; *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("We hold that district courts have *discretion*, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." (emphasis added)). Second, the fact that the Court had not yet granted Plaintiffs' motion to amend when Bridges and the other individuals opted in is immaterial. The Court is aware of no authority for the proposition that a plaintiff opts into an FLSA action only if he is named in an amended complaint. Third, the Case Management Plan did not bar Bridges and the other opt-in plaintiffs from joining this action. (Doc. No. 37.) The language in the Case Management Plan requiring leave of the Court to join additional parties refers to the requirements of the Federal Rules of Civil Procedure, specifically Rules 19 and 20. It does not prevent potential plaintiffs in a collective action under the FLSA from opting in pursuant to 29 U.S.C. § 216(b) without obtaining leave of the Court.

Under § 216(b), opt-in plaintiffs must be "similarly situated" to the plaintiff who originally brought suit. 29 U.S.C. § 216(b); *Myers*, 624 F.3d at 555. Here, Defendant does not appear to dispute that the individuals who opted in on May 28 are similarly situated to Gonyer. Indeed, the amended complaint Plaintiffs seek to file is substantially identical to the original complaint, with the difference that the opt-in plaintiffs are substituted for Gonyer. As noted, the individuals who filed notices of consent joined the action on the date that those notices were filed. Thus, Bridges, LeBlanc, and Ferace joined the action on May 28, and Glancy and Mills joined on June 19.

3

B. Rule 68 Offer of Judgment

Defendant contends that the Court lost subject matter jurisdiction over this case on May 12, when it served its Offer of Judgment on Gonyer. (Doc. No. 64.) There is no authority in this Circuit for that proposition. To the contrary, the Second Circuit cases that have addressed the question have made clear that it is the plaintiff's acceptance of an offer of judgment that terminates the case, not the issuance of the offer of judgment itself. *See Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948) ("There are only two occasions under the rules when the clerk may enter final judgment without action of the judge or jury . . . [one of those occasions is] upon *notice of acceptance* of an offer of judgment under rule 68." (emphasis added)); *cf. Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 81 (2d Cir. 2013) (per curiam) ("[Defendant's] offer of $1,011 . . . [*coupled with* plaintiff's] acknowledgment that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction.").

It is true that an accepted offer of judgment ordinarily requires entry of final judgment terminating the action. *Harris v. City of New York*, No. 03-cv-8767 (RWS), 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004) (citing *Bowles*, 170 F.2d at 620). However, even an accepted offer of judgment does not terminate a case unless it "satisfies all damages for *all plaintiffs*." *Ward*, 455 F. Supp. 2d at 267. Thus, courts "refuse[] to allow Rule 68 offers of judgment to moot actions where additional plaintiffs have opted in to the FLSA collective action, but have not been made offers of judgment by defendant." *Id.* That is precisely the situation here. At the earliest, Gonyer accepted Defendant's Offer of Judgment on May 28, when Plaintiffs' counsel filed a letter advising the Court, and Defendant, that Gonyer intended to accept the Offer of Judgment.[1] (Doc. No. 54.) At that point, three other plaintiffs – Bridges, LeBlanc, and Ferace – had already filed notices of consent opting into the action.[2] Thus, Gonyer's acceptance of the Offer of Judgment did not terminate the case.

---

[1] The formal Notice of Acceptance was not filed until May 29. (Doc. No. 55.)

[2] The notices of consent were filed hours before Gonyer filed his letter. (*See* Doc. Nos. 51, 52, 53, 54.)

4

The Court observes that the timing of the notices of consent and Gonyer's acceptance raises the possibility that Plaintiffs' counsel deliberately delayed filing notice of Gonyer's acceptance until other plaintiffs had been found. While ethically suspect, that possibility does not affect the analysis of when the Offer of Judgment was accepted, which is the only relevant inquiry as far as this Court's jurisdiction is concerned. The record is clear that Plaintiffs did not provide Defendants with notice of the acceptance until *after* the other individuals had opted in. *See* Fed. R. Civ. P. 68(a) (providing that offer of judgment is accepted upon service of "written notice accepting the offer"). Because the record is clear on this point, there is no need for a factual hearing.

### C. Defendant's Other Requests

Defendant suggests that, if the case continues, it intends to file a motion to withdraw the Offer of Judgment or have the Court "void" Gonyer's acceptance of that offer. (Doc. No. 68 n.1.) Defendant cites no authority suggesting that the Court should, or could, grant either of those types of relief, and Defendant does not appear to argue that its Offer of Judgment was explicitly conditioned on Gonyer remaining the only plaintiff in the litigation. Certainly, the language of the Offer of Judgment does not appear to support that argument. (Doc. No. 55 Ex. 1 ("Defendant . . . offers to allow judgment to be taken against it as to all claims against the Defendant in this action, by plaintiff, Christopher Gonyer ("Plaintiff"), for sixty five thousand dollars ($65,000). . . . Plaintiff's acceptance of this offer of judgment is in full satisfaction and settlement of all claims (federal and state) asserted against Defendant in this action.").) If Defendant nevertheless intends to make this motion, it shall file a pre-motion letter, as required by Rule 2.A of the Court's Individual Practices.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiffs' anticipated motion to amend the complaint is DEEMED MADE and GRANTED. Plaintiffs shall file their amended complaint no later than August 1, 2014. The parties shall comply with the discovery schedule set forth in the Case Management Plan. (Doc. No. 37.)

IT IS FURTHER ORDERED THAT Plaintiffs shall file their application for attorneys' fees and costs in connection with the representation of Christopher Gonyer no later than August 15, 2014.[3] Defendant shall file any opposition no later than August 29, 2014. Plaintiff shall file any reply no later than September 5, 2014.

The Clerk of the Court is respectfully directed to terminate the motions pending at Doc. Nos. 54, 67, and 70.

SO ORDERED.

Dated:   July 25, 2014
         New York, New York

                                                  RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

---

[3] It is likely that some of the work counsel performed on behalf of Gonyer will be "reused" for the newly added Plaintiffs. To the extent that attorneys' fees or costs for such work are awarded now as part of the judgment in favor of Gonyer, they will be deducted from future awards.

6